IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-11-1817 |
| STATE OF MARYLAND and STUART NATHAN | * | |
| | * | |
| Respondents | | |

\*\*\*

## **MEMORANDUM**

Pending are the response to show cause filed by counsel for respondents (ECF No. 7) and two motions for default judgment filed by plaintiff (ECF No. 8 and 9).[1]  The court finds a hearing in this matter unnecessary.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011);  *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

### Background

Petitioner, Alexander Jiggetts ("Jiggetts"), seeks release from the restraints of probation imposed as a result of his guilty plea on February 8, 2006, in the Circuit Court for Baltimore County, Maryland on first-degree burglary charges.  ECF No. 7 at Ex. 1.  Jiggetts was sentenced to serve ten years in prison; five years of the sentence was suspended and a five year term of probation imposed.  *Id.*  Jiggetts did not file an application for leave to appeal the guilty plea.  He

---

[1] The motions are identical and were filed on the same day.  Jiggetts asserts entitlement to default judgment because Stuart Nathan has not responded to the instant petition.  ECF No. 8 and 9.  He claims that Mr. Nathan is the proper attorney to respond to the petition because he is counsel for the Department of Public Safety and Correctional Services (DPSCS) which administers the Division of Parole and Probation.  He claims counsel in this case only deals with people who are challenging the whole conviction and Jiggetts is only challenging the legality of his probation.  In addition, he states the response was filed late.  *Id.*  Jiggetts is wrong on all counts.  Default judgment is not available in a habeas corpus action, counsel for the DPSCS is not a proper respondent in habeas actions s*ee Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004), and the response was filed in a timely manner.

filed a petition for post-conviction relief in the Circuit Court for Baltimore County on October 5, 2010, which was withdrawn by Jiggetts on January 11, 2011. *Id*. at Ex. 1, p. 9.   Jiggetts claims that his placement in the "C-Safe-VPI program" (Collaborative Supervision and Focused Enforcement Violence Prevention Initiative) as a part of his probation was illegal because the program did not exist when he was sentenced in 2006, violating the ex post facto clause of Article 1, Section 9 of the Constitution.  ECF No. 1 at p. 3.  He further claims that the program itself is illegal because it was never passed into law; rather, it is simply a program created by Maryland's Governor which violates double jeopardy. *Id*.  He concludes that this unlawful requirement during his probation[2] made his entire sentence illegal. *Id*.

The instant petition is Jiggetts' third petition in this court concerning the same conviction. *See Jiggetts v.O'Neill*, Civil Action JFM-07-1128 (D. Md. 2007) and *Jiggetts v. State of Maryland*, Civil Action JFM-10-2831 (D. Md. 2010).  Both of Jiggetts' previous petitions were dismissed for failure to exhaust state remedies.  Respondents assert in the instant case that the claims concerning this conviction have not been exhausted in the state courts and should therefore be dismissed.  ECF No. 7.

**Standard of Review**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have  been presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

---

[2] It is unclear from the record whether Jiggetts remains under probation or parole supervision.

## Analysis

The claims asserted in the instant petition have not been exhausted in the Maryland courts.  Post-conviction petitions challenging the conviction were withdrawn and multiple motions for modification of probation were denied and never appealed (ECF No. 7 at Ex. 1, p. 8).  As observed by this court previously:

> Petitioner is seeking a declaration from this court that the Violence Prevention Initiative and the additional requirements placed on his probation supervision are unconstitutional without first giving the state courts an opportunity to rule on the claim.  This court is not permitted to issue such a ruling.  There is no exception to the exhaustion requirement to accommodate petitioner's fears that his claim will not be fairly considered.  To the extent he is aggrieved by the state courts' analysis of his claim, he has appellate review available.

*Jiggetts v. State of Maryland*, Civil Action JFM-10-2831 (D. Md. 2010) at ECF No. 18, p. 5. The instant petition must also be dismissed without prejudice for failure to exhaust state remedies.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000).  Jiggetts has demonstrated neither; therefore, a certificate of appealability shall be denied in the instant case.

\_\_\_October 21, 2011_____  \_\_\_\_/s/_____
Date                                                                   J. Frederick Motz
                                                                             United States District Judge